IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SHAYLA SMITH, KIKITAH SMITH, KIRA SMITH, MICHAEL SMITH and SHARON SMITH,** | |
| **Plaintiffs,** | |
| **vs.** | Civil Action No. _____ |
| **CHILDFIRST 24 HOUR CHILDCARE/PRIVATE PRE-SCHOOL, INC., CHILDFIRST CHILDCARE, INC., DIANE T. WILLIAMS, PORSHA WILLIAMS, AND HOSEA WILLIAMS, III,** | |
| **Defendants.** | |

## COMPLAINT

Plaintiffs Shayla Smith, Kikitah Smith, Kira Smith, Michael Smith, and Sharon Smith (collectively "Plaintiffs") bring this complaint against Defendants Childfirst 24 Hour Childcare/Private Pre-School, Inc. ("Childfirst"), Childfirst Childcare, Inc. ("Childcare"), Diane Williams, Porsha Williams, and Hosea Williams, III (collectively "Defendants") and show the Court as follows:

## INTRODUCTION

1.

This is a wage and hour case.

2.

Defendants employed Plaintiffs as teachers at their childcare facility. Defendants truncated the actual number of hours that Plaintiffs worked during each work week. As a result, Defendants paid Plaintiffs an effective hourly rate that was often below the FLSA minimum wage (*i.e.,* $7.25). Defendants also failed compensate Plaintiffs at one-and-one-half times their regular rate for work performed in excess of forty hours per week.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because the principal offices of Childfirst and Childcare are located in this

judicial district and because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**PARTIES**

5.

Shayla Smith is a natural person who resides in DeKalb County, Georgia

6.

Kikitah Smith is a natural person who resides in DeKalb County, Georgia.

7.

Kira Smith is a natural person who resides in DeKalb County, Georgia.

8.

Michael Smith is a natural person who resides in DeKalb County, Georgia.

9.

Sharon Smith is a natural person who resides in DeKalb County, Georgia.

10.

Childfirst is a domestic profit corporation organized under the laws of the State of Georgia.

11.

Childfirst is subject to the personal jurisdiction of this Court.

12.

Childfirst may be served with process through its registered agent for service, Diane T. Williams at 3990 Glenwood Road, Decatur, Georgia 30032.

13.

Childcare is a domestic profit corporation organized under the laws of the State of Georgia.

14.

Childcare is subject to the personal jurisdiction of this Court.

15.

Childcare may be served with process via service on its registered agent for service, Eric McGlothen at 191 Peachtree Street, NE, Suite 3975, Atlanta, Georgia.

16.

Diane T. Williams is a natural person who resides in DeKalb County, Georgia.

17.

At all times relevant to this action, Diane T. Williams was designated as the Secretary, CEO and CFO for Childfirst.

18.

Diane T. Williams may be served with process at 3990 Glenwood Road, Decatur, Georgia 30032, or wherever she may be found.

19.

Diane T. Williams is subject to the personal jurisdiction of this Court.

20.

Porsha Williams is a natural person who resides in Fulton County, Georgia.

21.

At all times relevant to this action, Porsha Williams was designated as the Secretary, CEO and CFO for Childcare.

22.

Porsha Williams may be served with process at her residence located in Duluth, Georgia, or wherever she may be found.

23.

Porsha Williams is subject to the personal jurisdiction of this Court.

24.

Hosea Williams, III is a natural person who resides in DeKalb County, Georgia.

25.

Hosea Williams, III may be served with process at his residence located in Lithonia, Georgia, or wherever he may be found.

26.

Hosea Williams, III is subject to the personal jurisdiction of this Court.

**SUCCESSOR IN INTEREST**

27.

On April 20, 2000, Defendant Diane T. Williams formed Childfirst by registering that corporation with Georgia Secretary of State.

28.

Defendant Diane T. Williams has continuously held an ownership interest in Childfirst since its formation on April 20, 2000.

29.

Defendant Porsha Williams has continuously held an ownership interest in Childfirst since its formation on April 20, 2000.

30.

Defendant Hosea Williams, III has continuously held an ownership interest in Childfirst since its formation on April 20, 2000.

31.

Childfirst was formed for the purpose of operating a child care facility located at

3990 Glenwood Road in Decatur, Georgia.

32.

On January 9, 2018, Defendant Porsha Williams formed Childcare.

33.

Defendant Diane T. Williams has continuously held an ownership interest in Childcare since its formation on January 9, 2018.

34.

Defendant Porsha Williams has continuously held an ownership interest in Childcare since its formation on January 9, 2018.

35.

Defendant Hosea Williams, III has continuously held an ownership interest in Childcare since its formation on January 9, 2018.

36.

Childcare was formed for the purpose of operating a child care facility located at 3990 Glenwood Road in Decatur, Georgia.

37.

Upon the formation of Childcare, Childfirst ceased operating the child care facility located at 3990 Glenwood Road in Decatur, Georgia.

38.

Childcare utilizes the same equipment and supplies in the furtherance of its

commercial business as were utilized by Childfirst.

39.

Childcare continues to utilize the same business telephone number that was used by Childfirst.

40.

Childcare continues to utilize the same principal business address as Childfirst at 3990 Glenwood Rd, Decatur, GA 30032.

41.

Childfirst transferred its assets to Childcare.

42.

On or about January 9, 2018, Defendants converted Childfirst's employees into Childcare's employees under the same terms and conditions as they were employed at Childfirst.

43.

At the time of its formation, Childcare had notice of its potential liability to Childfirst's employees, including Plaintiffs.

44.

Childcare is a successor in interest to Childfirst as defined by the FLSA.

45.

Childfirst is unable to provide full relief to Plaintiffs.

46.

Childcare is responsible to Plaintiffs for the actions of Childfirst.

## ENTERPRISE COVERAGE

### *Childfirst*

47.

During 2015, Childfirst had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

48.

During 2016, Childfirst had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

49.

During 2017, Childfirst had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

50.

During the Relevant Time Period (*i.e.,* August 6, 2015 through June 29, 2018), two or more employees of Childfirst, including Plaintiffs, used or handled the

following items (among others) that are necessary for performing its commercial purpose and that moved in interstate commerce: food, food packaging materials, computers, office furniture, office supplies, and office technology.

51.

During 2015, Childfirst had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

52.

During 2016, Childfirst had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

53.

During 2017, Childfirst had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

54.

At all times during the Relevant Time Period, Childfirst was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

*Childcare*

55.

During 2018, Childcare will realize an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

56.

During 2018, two or more employees of Childcare, including Plaintiffs, used or handled the following items (among others) that are necessary for performing its commercial purpose and that moved in interstate commerce: food, food packaging materials, computers, office furniture, office supplies, and office technology.

57.

During 2018, Childcare had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

58.

At all times during the year 2018, Childcare was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

**STATUTORY EMPLOYER ALLEGATIONS**

59.

At all times from the beginning of the Relevant Time Period through and until January 9, 2018, Childfirst was an "employer" of Shayla Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

60.

At all times from the beginning of the Relevant Time Period through and until January 9, 2018, Childfirst was an "employer" of Kikitah Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

61.

At all times from the beginning of the Relevant Time Period through and until January 9, 2018, Childfirst was an "employer" of Michael Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

62.

At all times from the beginning of the Relevant Time Period through and until January 9, 2018, Childfirst was an "employer" of Sharon Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

63.

At all times from January 18, 2016 through and until January 9, 2018, Childfirst

was an "employer" of Kira Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

64.

At all times from the beginning of the Relevant Time Period through and until January 9, 2018, Shayla Smith was an "employee" of Childfirst as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

65.

At all times from the beginning of the Relevant Time Period through and until January 9, 2018, Kikitah Smith was an "employee" of Childfirst as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

66.

At all times from the beginning of the Relevant Time Period through and until January 9, 2018, Michael Smith was an "employee" of Childfirst as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

67.

At all times from the beginning of the Relevant Time Period through and until January 9, 2018, Sharon Smith was an "employee" of Childfirst as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

68.

At all times during the period from June 18, 2016 through and until January 9,

2018, Kira Smith was an "employee" of Childfirst as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

69.

At all times from January 9, 2018 through and until June 29, 2018, Childcare was an "employer" of Shayla Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

70.

At all times from January 9, 2018 through and until June 29, 2018, Childcare was an "employer" of Kikitah Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

71.

At all times from January 9, 2018 through and until June 29, 2018, Childcare was an "employer" of Michael Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

72.

At all times from January 9, 2018 through and until June 29, 2018, Childcare was an "employer" of Sharon Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

73.

At all times from January 9, 2018 through and until June 29, 2018, Childcare was an "employer" of Kira Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

74.

At all times from January 9, 2018 through and until June 29, 2018, Shayla Smith was an "employee" of Childcare as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

75.

At all times from January 9, 2018 through and until June 29, 2018, Kikitah Smith was an "employee" of Childcare as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

76.

At all times from January 9, 2018 through and until June 29, 2018, Kira Smith was an "employee" of Childcare as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

77.

At all times from January 9, 2018 through and until June 29, 2018, Michael Smith was an "employee" of Childcare as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

78.

At all times from January 9, 2018 through and until June 29, 2018, Sharon

Smith was an "employee" of Childcare as defined in the FLSA § 3(e)(1), 29 U.S.C.

§ 203(e)(1).

79.

At all times during the Relevant Time Period, Diane T. Williams continuously

served as a corporate officer of Childfirst.

80.

Since Childcare's formation on January 9, 2018, Diane T. Williams

continuously served as a corporate officer of Childcare.

81.

At all times during the Relevant Time Period, Diane T. Williams has been

continuously involved in the day-to-day operations of Childfirst.

82.

Since Childcare's formation on January 9, 2018, Diane T. Williams has been

continuously involved in the day-to-day operations of Childcare.

83.

At all times during the Relevant Time Period, Childfirst vested Diane T.

Williams with supervisory authority over Plaintiffs.

84.

Since Childcare's formation on January 9, 2018, Childcare vested Diane T. Williams with supervisory authority over Plaintiffs.

85.

At all times during the Relevant Time Period, Diane T. Williams exercised supervisory authority over Plaintiffs.

86.

At all times during the Relevant Time Period, Diane T. Williams had authority to schedule Plaintiffs' working hours, scheduled Plaintiffs' working hours and/or supervised the scheduling of Plaintiffs' working hours.

87.

At all times during the Relevant Time Period, Diane T. Williams exercised authority and supervision over the work rules that Childfirst applied to teachers, including Plaintiffs.

88.

Since Childcare's formation on January 9, 2018, Diane T. Williams exercised authority and supervision over the work rules that Childcare applied to teachers, including Plaintiffs.

89.

At all times during the Relevant Time Period, Diane T. Williams exercised authority and supervision over Plaintiffs' compensation.

90.

On June 29, 2018, Defendant Diane T. Williams, while acting on behalf of Childcare, terminated Plaintiff Shayla's Smith's employment with Childcare.

91.

On June 29, 2018, Defendant Diane T. Williams, while acting on behalf of Childcare, terminated Plaintiff Kikitah Smith's employment with Childcare.

92.

On June 29, 2018, Defendant Diane T. Williams, while acting on behalf of Childcare, terminated Plaintiff Kira Smith's employment with Childcare.

93.

On June 29, 2018, Defendant Diane T. Williams, while acting on behalf of Childcare, terminated Plaintiff Michael Smith's employment with Childcare.

94.

On June 29, 2018, Defendant Diane T. Williams, while acting on behalf of Childcare, terminated Plaintiff Sharon Smith's employment with Childcare.

95.

At all times during the Relevant Time Period, Diane. T. Williams was an "employer" of Shayla Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

96.

At all times during the Relevant Time Period, Diane. T. Williams was an "employer" of Kikitah Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

97.

At all times since June 18, 2016 through the conclusion of the Relevant Time Period, Diane. T. Williams was an "employer" of Kira Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

98.

At all times during the Relevant Time Period, Diane. T. Williams was an "employer" of Michael Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

99.

At all times during the Relevant Time Period, Diane. T. Williams was an "employer" of Sharon Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

100.

At all times during the Relevant Time Period, Shayla Smith was an "employee" of Diane T. Williams as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

101.

At all times during the Relevant Time Period, Kikitah Smith was an "employee" of Diane T. Williams as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

102.

At all times since June 18, 2016 through the conclusion of the Relevant Time Period, Kira Smith was an "employee" of Diane T. Williams as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

103.

At all times during the Relevant Time Period, Michael Smith was an "employee" of Diane T. Williams as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

104.

At all times during the Relevant Time Period, Sharon Smith was an "employee" of Diane T. Williams as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

105.

At all times during the Relevant Time Period, Porsha Williams was a corporate officer of Childfirst.

106.

At all times since its formation on January 1, 2018, Porsha Williams has continuously served as a corporate officer of Childcare.

107.

At all times during the Relevant Time Period, Porsha Williams has been continuously involved in the day-to-day operations of Childfirst.

108.

Since Childcare's formation on January 9, 2018, Porsha Williams has been continuously involved in the day to day operations of Childcare.

109.

At all times during the Relevant Time Period, Childfirst vested Porsha Williams with supervisory authority over Plaintiffs.

110.

At all times since its formation on January 1, 2018, Childcare vested Porsha Williams with supervisory authority over Plaintiffs.

111.

At all times during the Relevant Time Period, Porsha Williams exercised supervisory authority over Plaintiffs.

112.

At all times during the Relevant Time Period, Porsha Williams possessed the authority to schedule Plaintiffs' work hours, scheduled Plaintiffs' work hours and/or supervised the scheduling of Plaintiffs' work hours.

113.

At all times from the beginning of the Relevant Time Period through and until January 9, 2018, Porsha Williams exercised authority and supervision over the work rules that Childfirst applied to its teachers, including each of the Plaintiffs.

114.

At all times from January 9, 2018 through and including June 29, 2018, Porsha Williams exercised authority and supervision over the work rules that Childcare applied to its teachers, including each of the Plaintiffs.

115.

At all times during the Relevant Time Period, Porsha Williams exercised authority and supervision over each of the Plaintiffs' compensation.

116.

On or about April 1, 2005, Defendant Porsha Williams, while acting on behalf of Childfirst, interviewed Plaintiff Sharon Smith for employment at Childfirst.

117.

On or about April 1, 2005, Defendant Porsha Williams, while acting on behalf of Childfirst, hired Plaintiff Sharon Smith as a Childfirst employee.

118.

On or about April 1, 2005, Defendant Porsha Williams, while acting on behalf of Childfirst, determined the initial Childfirst pay rate for Plaintiff Sharon Smith.

119.

On or about August 1, 2006, Defendant Porsha Williams, while acting on behalf of Childfirst, interviewed Plaintiff Kikitah Smith for employment at Childfirst.

120.

On or about August 1, 2006, Defendant Porsha Williams, while acting on behalf of Childfirst, hired Plaintiff Kikitah Smith as a Childfirst employee.

121.

On or about August 1, 2006, Defendant Porsha Williams, while acting on behalf of Childfirst, determined the initial Childfirst pay rate for Plaintiff Kikitah Smith.

122.

On or about June 12, 2008, Defendant Porsha Williams, while acting on behalf of Childfirst, interviewed Plaintiff Shayla Smith for employment at Childfirst.

123.

On or about June 12, 2008, Defendant Porsha Williams, while acting on behalf of Childfirst, hired Plaintiff Shayla Smith as a Childfirst employee.

124.

On or about June 12, 2008, Defendant Porsha Williams, while acting on behalf of Childfirst, determined the initial Childfirst pay rate for Plaintiff Shayla Smith.

125.

On or about May 20, 2013, Defendant Porsha Williams, while acting on behalf of Childfirst, interviewed Plaintiff Michael Smith for employment at Childfirst.

126.

On or about May 20, 2013, Defendant Porsha Williams, while acting on behalf of Childfirst, hired Plaintiff Michael Smith as a Childfirst employee.

127.

On or about May 20, 2013, Defendant Porsha Williams, while acting on behalf of Childfirst, determined the initial Childfirst pay rate for Plaintiff Michael Smith.

128.

On or about June18, 2016, Defendant Porsha Williams, while acting on behalf of Childfirst, interviewed and hired Plaintiff Kira Smith to work at Childfirst.

129.

On or about June 18, 2016, Defendant Porsha Williams, while acting on behalf of Childfirst, hired Plaintiff Kira Smith as a Childfirst employee.

130.

On or about June 18, 2016, Defendant Porsha Williams, while acting on behalf of Childfirst, determined the initial Childfirst pay rate for Plaintiff Kira Smith.

131.

At all times during the Relevant Time Period, Porsha Williams was an "employer" of Sharon Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

132.

At all times during the Relevant Time Period, Porsha Williams was an "employer" of Kikitah Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

133.

At all times during the Relevant Time Period, Porsha Williams was an "employer" of Shayla Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

134.

At all times during the Relevant Time Period, Porsha Williams was an "employer" of Michael Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

135.

At all times since June 18, 2016 through the conclusion of the Relevant Time Period, Porsha Williams was an "employer" of Shayla Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

136.

At all times during the Relevant Time Period, Sharon Smith was an "employee" of Porsha Williams as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

137.

At all times during the Relevant Time Period, Kikitah Smith was an "employee" of Porsha Williams as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

138.

At all times during the Relevant Time Period, Shayla Smith was an "employee" of Porsha Williams as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

139.

At all times during the Relevant Time Period, Michael Smith was an "employee" of Porsha Williams as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

140.

At all times since June 18, 2016 through the conclusion of the Relevant Time Period, Kira Smith was an "employee" of Porsha Williams as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

141.

At all times during the Relevant Time Period, Hosea Williams, III was involved in the day-to-day operations of Childfirst.

142.

At all times during the Relevant Time Period, Hosea Williams, III was involved in the day to day operations of Childcare.

143.

At all times during the Relevant Time Period through and until January 9, 2018, Childfirst vested Hosea Williams, III with supervisory authority over each of the Plaintiffs.

144.

At all times since its formation on January 1, 2018 through and until June 29, 2018, Childcare vested Hosea Williams, III with supervisory authority over each of the Plaintiffs.

145.

At all times during the Relevant Time Period, Hosea Williams, III exercised supervisory authority over each of the Plaintiffs.

146.

At all times during the Relevant Time Period, Hosea Williams, III scheduled Plaintiffs' work hours, was vested with authority to schedule Plaintiffs' work hours and/or supervised the scheduling of Plaintiffs' work hours.

147.

At all times during the Relevant Time Period, Hosea Williams, III exercised authority and supervision over the work rules that Childfirst applied to teachers, including each of the Plaintiffs.

148.

At all times during the Relevant Time Period, Hosea Williams, III exercised authority and supervision over the work rules that Childcare applied to teachers, including Plaintiffs.

149.

At all times during the Relevant Time Period, Hosea Williams, III exercised authority and supervision over Plaintiffs' compensation.

150.

At all times during the Relevant Time Period and on behalf of Childfirst, Defendant Hosea L. Williams executed the paychecks that Childfirst delivered to each of the Plaintiffs.

151.

At all times since Childcare's formation on January 9, 1018 and on behalf of Childcare, Defendant Hosea L. Williams executed the paychecks that Childcare delivered to each of the Plaintiffs.

152.

At all times during the Relevant Time Period, Defendant Hosea L. Williams, III distributed paychecks to each of the Plaintiffs.

153.

At all times during the Relevant Time Period, Childfirst required that Plaintiffs submit any requests for time off from work to Defendant Hosea L. Williams, III.

154.

At all times since its formation on January 9, 2018, Childcare required that Plaintiffs submit any requests for time off from work to Defendant Hosea L. Williams, III.

155.

At all times during the Relevant Time Period, Defendant Hosea L. Williams, III was an "employer" of Sharon Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

156.

At all times during the Relevant Time Period, Defendant Hosea L. Williams, III was an "employer" of Shayla Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

157.

At all times during the Relevant Time Period, Defendant Hosea L. Williams, III was an "employer" of Kikitah Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

158.

At all times since June 18, 2016 through the conclusion of the Relevant Time Period, Defendant Hosea L. Williams, III was an "employer" of Kira Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

159.

At all times during the Relevant Time Period, Defendant Hosea L. Williams, III was an "employer" of Michael Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

160.

At all times during the Relevant Time Period, Defendant Hosea L. Williams, III was an "employer" of Sharon Smith as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

161.

At all times during the Relevant Time Period, Shayla Smith was an "employee" of Defendant Hosea L. Williams, III as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

162.

At all times during the Relevant Time Period, Kikitah Smith was an "employee" of Defendant Hosea L. Williams, III as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

163.

At all times since June 18, 2016 through the conclusion of the Relevant Time Period, Kira Smith was an "employee" of Defendant Hosea L. Williams, III as

defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

164.

At all times during the Relevant Time Period, Michael Smith was an "employee" of Defendant Hosea L. Williams, III as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

165.

At all times during the Relevant Time Period, Sharon Smith was an "employee" of Defendant Hosea L. Williams, III as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## ADDITIONAL FACTUAL ALLEGATIONS

167.

At all times during the Relevant Time Period, Plaintiffs were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

168.

At all times during the Relevant Period, Plaintiffs were not exempt from the maximum hours requirements of the FLSA by reason of any exemption.

*Plaintiff Shayla Smith*

169.

Childfirst employed Shayla Smith as a teacher continuously from on or about June 12, 2008 through and until January 9, 2018.

170.

Childcare employed Shayla Smith as a teacher continuously from on or about January 9, 2018 through and until June 29, 2018.

171.

At all times during the Relevant Time Period, Shayla Smith regularly worked at Defendants' day care facility 5 days per week.

172.

At all times during the Relevant Time Period, Shayla Smith regularly worked from 5:00 a.m. until 5:30 p.m.

173.

At all times during the Relevant Time Period, Shayla Smith regularly worked 62.5 hours during most work weeks.

174.

At all times during the Relevant Time Period, Defendants failed to afford Shayla Smith a period of at least 30 minutes or more wherein she was free from all work

related duties.

175.

At all times from July 2015 through on or about December 31, 2017, Defendants agreed to compensate Shayla Smith at rate of $7.75 per hour worked.

176.

At all times from on or about January 1, 2018 through June 29, 2018, Defendants agreed to compensate Shayla Smith at rate of 8.20 per hour worked.

177.

At all times during the Relevant Time Period, as a condition of employment Defendants required that Shayla Smith record no more than 40 hours worked each work week regardless of the actual number of hours that Shayla Smith worked.

178.

At all times during the Relevant Time Period, as a result of this requirement, Shayla Smith's effective regular hourly rate was below $7.25.

179.

At all times during the Relevant Time Period, Defendants failed to pay Plaintiff Shayla Smith at a rate of at least $7.25 per hour for each hour she worked.

180.

At all times during the Relevant Time Period, Defendants willfully failed to pay

Plaintiff Shayla Smith at a rate of at least $7.25 per hour for each hour she worked.

181.

At all times during the Relevant Time Period, Shayla Smith regularly worked in excess of 40 hours during each work week.

182.

At all times during the Relevant Time Period, Defendants were aware that Shayla Smith regularly worked in excess of 40 hours during each work week.

183.

At all times during the Relevant Time Period, Defendants failed to pay Shayla Smith at one and one half times her regular rate for the time she worked in excess of 40 hours during each work week.

184.

At all times during the Relevant Time Period, Defendants willfully failed to pay Shayla Smith at one and one half times her regular rate for the time she worked in excess of 40 hours during each work week.

***Plaintiff Kikitah Smith***

185.

Childfirst employed Kikitah Smith as a teacher continuously from on or about August 1, 2006 through and until January 9, 2018.

186.

Childcare employed Kikitah Smith as a teacher continuously from on or about January 9, 2018 through and until June 29, 2018.

187.

At all times during the Relevant Time Period, Kikitah Smith regularly worked at Defendants' day care facility 5 days per week.

188.

At all times during the Relevant Time Period, Kikitah Smith regularly worked from 5:00 a.m. until 5:30 p.m.

189.

At all times during the Relevant Time Period, Kikitah Smith regularly worked 62.5 hours during most work weeks.

190.

At all times during the Relevant Time Period, Defendants failed to afford Kikitah Smith a period at least 30 minutes or more wherein she was free from all work related duties.

191.

At all times from August 1, 2006 through on or about December 31, 2017, Defendants agreed to compensate Kikitah Smith at rate of $7.55 per hour worked.

192.

At all times from on or about January 1, 2018 through June 29, 2018, Defendants agreed to compensate Kikitah Smith at rate of $9.65 per hour worked.

193.

At all times during the Relevant Time Period, as a condition of employment Defendants required that Kikitah Smith record no more than 40 hours worked each work week regardless of the actual number of hours that Kikitah Smith worked.

194.

At all times during the Relevant Time Period, as a result of this requirement, Kikitah Smith's effective regular hourly rate was below $7.25.

195.

During the Relevant Time Period, Defendants failed to pay Plaintiff Kikitah Smith at a rate of at least $7.25 per hour for each hour she worked.

196.

At all times during the Relevant Time Period, Defendants willfully failed to pay Plaintiff Kikitah Smith at a rate of at least $7.25 per hour for each hour she worked.

197.

At all times during the Relevant Time Period, Kikitah Smith regularly worked in excess of 40 hours during each work week.

198.

At all times during the Relevant Time Period, Defendants were aware that Kikitah Smith regularly worked in excess of 40 hours during each work week.

199.

At all times during the Relevant Time Period, Defendants failed to pay Kikitah Smith at one and one half times her regular rate for the time she worked in excess of 40 hours during each work week.

200.

At all times during the Relevant Time Period, Defendants willfully failed to pay Kikitah Smith at one and one half times her regular rate for the time she worked in excess of 40 hours during each work week.

**_Plaintiff Kira Smith_**

201.

Childfirst employed Kira Smith as a teacher continuously from on or about June 18, 2016 through and until January 9, 2018.

202.

Childcare employed Kira Smith as a teacher continuously from on or about January 9, 2018 through and until June 29, 2018.

203.

At all times during the Relevant Time Period, Kira Smith regularly worked at Defendants' day care facility 5 days per week.

204.

At all times during the Relevant Time Period, Kira Smith regularly worked from 7:00 a.m. until 6:00 p.m.

205.

At all times during the Relevant Time Period, Kira Smith regularly worked 55 hours during most work weeks.

206.

At all times during the Relevant Time Period, Defendants failed to afford Kira Smith a period at least 30 minutes or more wherein she was free from all work related duties.

207.

At all times during from June 18, 2016 through June 29, 2018, Defendants agreed to compensate Kira Smith at a rate of $7.75 per hour.

208.

At all times during the Relevant Time Period, as a condition of employment Defendants required that Kira Smith record no more than 40 hours worked each work week regardless of the actual number of hours that Kira Smith worked.

209.

At all times during the Relevant Time Period, as a result of this requirement, Kira Smith's effective regular hourly rate was below $7.25.

210.

At all times during the Relevant Time Period, Defendants failed to pay Plaintiff Kira Smith at a rate of at least $7.25 per hour for each hour she worked.

211.

At all times during the Relevant Time Period, Defendants willfully failed to pay Plaintiff Kira Smith at a rate of at least $7.25 per hour for each hour she worked.

212.

At all times during the Relevant Time Period, Kira Smith regularly worked in excess of 40 hours during each work week.

213.

At all times during the Relevant Time Period, Defendants were aware that Kira Smith regularly worked in excess of 40 hours during each work week.

214.

At all times during the Relevant Time Period, Defendants failed to pay Kira Smith at one and one half times her regular rate for the time she worked in excess of 40 hours during each work week.

215.

At all times during the Relevant Time Period, Defendants willfully failed to pay Kira Smith at one and one half times her regular rate for the time she worked in excess of 40 hours during each work week.

**Plaintiff Michael Smith**

216.

Childfirst employed Michael Smith as a teacher continuously from on or about May 20, 2013 through and until January 9, 2018.

217.

Childcare employed Michael Smith as a teacher continuously from on or about January 9, 2018 through and until June 29, 2018.

218.

At all times during the Relevant Time Period, Michael Smith regularly worked at Defendants' daycare facility 5 days per week.

219.

At all times during the Relevant Time Period, Michael Smith regularly worked from 7:00 a.m. until 6:30 p.m.

220.

At all times during the Relevant Time Period, Michael Smith regularly worked 57.5 hours during most work weeks.

221.

At all times during the Relevant Time Period, Defendants failed to afford Michael Smith a period at least 30 minutes or more wherein he was free from all work related duties.

222.

At all times from July 2015 until approximately through June 2017, Defendants agreed to compensate Michael Smith at a rate of $7.75 per hour.

223.

At all times from approximately June 2017 through June 29, 2018, Defendants compensated Michael Smith on a semi-monthly salary of $899.00.

224.

At all times from approximately June 2017 through June 29, 2018, Defendants compensated Michael Smith at salary of less than $455.00 per week.

225.

At all times during the Relevant Time Period, as a condition of employment Defendants required that Michael Smith record no more than 40 hours worked each work week regardless of the actual number of hours that Michael Smith worked.

226.

At all times during the Relevant Time Period, as a result of this requirement, Michael Smith's effective regular hourly rate was below $7.25.

227.

At all times during the Relevant Time Period, Defendants failed to pay Plaintiff Michael Smith at a rate of at least $7.25 per hour for each hour he worked.

228.

At all times during the Relevant Time Period, Defendants willfully failed to pay Plaintiff Michael Smith at a rate of at least $7.25 per hour for each hour he worked.

229.

At all times during the Relevant Time Period, Michael Smith regularly worked in excess of 40 hours during each work week.

230.

At all times during the Relevant Time Period, Defendants were aware that

Michael Smith regularly worked in excess of 40 hours during each work week.

231.

At all times during the Relevant Time Period, Defendants failed to pay Michael Smith at one and one half times his regular rate for the time he worked in excess of 40 hours during each work week.

232.

At all times during the Relevant Time Period, Defendants willfully failed to pay Michael Smith at one and one half times his regular rate for the time he worked in excess of 40 hours during each work week.

***Plaintiff Sharon Smith***

233.

Childfirst employed Sharon Smith as a teacher continuously from on or about April 1, 2005 through and until January 9, 2018.

234.

Childcare employed Michael Smith as a teacher continuously from on or about January 9, 2018 through and until June 29, 2018.

235.

At all times during the Relevant Time Period, Sharon Smith regularly worked at Defendants' daycare facility 5 days per week.

236.

At all times during the Relevant Time Period, Sharon Smith regularly worked from 6:30 a.m. until 6:30 p.m.

237.

At all times during the Relevant Time Period, Sharon Smith regularly worked 60 hours during most work weeks.

238.

At all times during the Relevant Time Period, Defendants failed to afford Sharon Smith a period at least 30 minutes or more wherein she was free from all work related duties.

239.

At all times from July 2015 through and until on or about December 31, 2017, Defendants agreed to compensate Sharon Smith at a rate of $7.75 per hour.

240.

At all times from on or about January 1, 2018 through and until June 29, 2018, Defendants agreed to compensate Sharon Smith at a rate of $8.20 per hour.

241.

At all times during the Relevant Time Period, as a condition of employment Defendants required that Sharon Smith record no more than 40 hours worked each work week regardless of the actual number of hours that Sharon Smith worked.

242.

At all times during the Relevant Time Period, as a result of this requirement, Sharon Smith's effective regular hourly rate was below $7.25.

243.

At all times during the Relevant Time Period, Defendants failed to pay Plaintiff Sharon Smith at a rate of at least $7.25 per hour for each hour she worked.

244.

At all times during the Relevant Time Period, Defendants willfully failed to pay Plaintiff Sharon Smith at a rate of at least $7.25 per hour for each hour she worked.

245.

At all times during the Relevant Time Period, Sharon Smith regularly worked in excess of 40 hours during each work week.

246.

At all times during the Relevant Time Period, Defendants were aware that Sharon Smith regularly worked in excess of 40 hours during each work week.

247.

At all times during the Relevant Time Period, Defendants failed to pay Sharon Smith at one and one half times her regular rate for the time she worked in excess of 40 hours during each work week.

248.

At all times during the Relevant Time Period, Defendants willfully failed to pay Sharon Smith at one and one half times her regular rate for the time she worked in excess of 40 hours during each work week.

## COUNT I - FAILURE TO PAY MINIMUM WAGE

249.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

250.

At all times during the Relevant Period, Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

251.

At all times during the Relevant Period, Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage of $7.25 per hour

for each hour they worked.

252.

At all times during the Relevant Period, Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the FLSA minimum wage.

253.

As a result of its underpayment of minimum wages as alleged above, Plaintiffs are entitled to payment of minimum wages by Defendants, jointly and severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

254.

As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiffs are entitled to an award of liquidated damages from Defendants, jointly and severally, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

255.

As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Plaintiffs for their costs of litigation, including their reasonable attorney's fees, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## COUNT II - FAILURE TO PAY OVERTIME

### 256.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 257.

At all times during the Relevant Period, Plaintiffs were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 258.

At all times during the Relevant Period, Plaintiffs regularly worked in excess of 40 hours per week.

### 259.

Defendants failed to pay Plaintiffs at one-and-one-half times their regular rates for work in excess of 40 hours in any week during the entire period of their employment.

### 260.

Defendants willfully failed to pay Plaintiffs at one-and-one-half times their regular rates for work in excess of 40 hours in any week during the entire period of their employment.

261.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

262.

As a result of the willful underpayment of overtime compensation as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

263.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to their litigation costs, including their reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1.    That Plaintiffs be awarded amounts to be determined at trial against Defendants jointly and severally in unpaid minimum wages due under the FLSA,

2.    That Plaintiffs be awarded additional like amounts in liquidated damages against Defendants jointly and severally;

3.      That Plaintiffs be awarded amounts to be determined at trial against

Defendants jointly and severally in unpaid overtime wages due under the

FLSA;

4.      That Plaintiffs be awarded additional like amounts in liquidated damages

against Defendants jointly and severally;

5.      That Plaintiffs be awarded nominal damages;

6.      That Plaintiffs be awarded their costs of litigation, including their reasonable

attorneys' fees from Defendants; and

7.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,


DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791

3100 Centennial Tower
101 Marietta Street NW
Atlanta, GA 30303                    */s/ Kevin D. Fitzpatrick, Jr.*
404.979.3150                         Kevin D. Fitzpatrick, Jr.
404.979.3170 (fax)                   Georgia Bar No. 262375
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com